UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

PRESTON L. WHEELOCK,                )
                                    )
          Plaintiff                 )
                                    )
     vs.                            )   CASE NO. 2:20-cv-478
                                    )
CARBON HEATING AND AIR              )
CONDITIONING LLC,                   )
                                    )
          Defendant                 )

### *COMPLAINT FOR DAMAGES*

Comes now Plaintiff Preston L. Wheelock (hereinafter "Wheelock"), by counsel, and for his claims against Defendant Carbon Heating and Air Conditioning ("Carbon"), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1.     Wheelock is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.

2.     Carbon Heating and Air Conditioning LLC is a business located in Knightsville, Clay County, Indiana.

3.     Wheelock was hired to work for Carbon as a service technician in July 2019. Carbon terminated Wheelock's employment on May 17, 2020.

4.     Douglas P. Nevins is believed to be the owner/member of Carbon.  He is the individual who has operational control over Carbon and he is the individual responsible for Carbon's employees and Carbon's unlawful wage practices.

5.     Carbon promised to pay Wheelock wages on an hourly basis at the rate of Twenty Dollars ($20.00) per hour.  Wheelock was a non-exempt laborer.  Carbon required Wheelock to

1

record his work hours on a cell phone App called something to the effect of "t-sheets."

6.      Comparison of Wheelock's recorded time on his cell phone app and corresponding pay stubs from Carbon make clear that Carbon was not paying Wheelock for all of his hours worked each week and, in doing so, was not paying Wheelock for significant overtime hours worked in all or most of Wheelock's work weeks.  This failure to pay Wheelock for all of his hours worked resulted in overtime violations under the Fair Labor Standards Act ("FLSA") and unpaid wage violations under the Indiana Wage Claims Statute, I.C. 22-2-9.  Further comparison of Wheelock's work time records and his pay stubs makes it clear that Carbon failed to pay Wheelock his full wages and overtime based upon a continuous work day.

7.      To provide a specific example, for the work week from May 4, 2020 through May 10, 2020, Wheelock recorded work hours of 46.9 hours.  Wheelock was owed overtime compensation for 6.9 of those hours for that work week.  Wheelock's pay stub for that same pay period shows that Carbon paid Wheelock for 43.15 hours, and paid overtime rates for only 3.15 of those hours.  For just that one work week, Carbon underpaid Wheelock by at least 3.75 hours, which were also overtime hours.  Wheelock's regular rate of pay was $20.00 per hour.  His overtime rate of pay was $30.00 per hour.  Wheelock's unpaid 3.75 hours were overtime hours that should have been paid at $30.00 per hour.  Wheelock was underpaid wages by at least $112.50 for that work week.  Under the FLSA, Wheelock will be entitled to liquidated damages and, for this one work week, will be owed damages of $225.00.

8.      From review of the incomplete time records and pay stubs Wheelock had available to him, it appears that Carbon is deducting or shaving forty-five minutes per day from Wheelock's recorded time.  There is no factual or legal basis for Carbon to shave this time or

2

refuse to pay.  Wheelock was a service technician and he spent his work day traveling from the home of one customer to the next.  Wheelock did not get any type of breaks that could have been treated as FLSA bona fide meal periods of thirty minutes or more.  Indeed, if Wheelock got time to eat during his work day, he did so in his truck on his drive to the home of a next customer. Carbon had absolutely no legal basis to deduct any time from Wheelock's recorded time or to refuse to pay for all of Wheelock's recorded and reported hours of work.

9.   Wheelock believes that, through his employment, Carbon was underpaying him wages, including significant overtime wages, for 3.75 or more hours per work week.  Wheelock was underpaid wages and overtime of nearly $5,000.00 and he will be owed damages of up to $10,000.00 plus payment of his attorney's fees and costs under the FLSA and the Indiana Wage Claims Statute.

10.   Throughout his employment, Wheelock routinely performed work for Carbon that exceeded forty (40) hours during each calendar week, however, for the reasons described above, Carbon failed to fully compensate Wheelock for all hours worked and, in so doing, failed also to compensate Wheelock at an overtime rate of pay for his hours worked in excess of forty (40) in each of those calendar weeks.

11.   By way of this Complaint, Wheelock seeks all wages owed to him, including all earned wages, all unpaid wages, all overtime compensation, all liquidated damages, plus all statutory penalties for late payment of wages.  Additionally, Wheelock seeks payment of all of his reasonable attorney's fees, costs and expenses.  With respect to Wheelock's uncompensated wages and overtime, Carbon's violations of Wheelock's rights under the FLSA and the Indiana Wage Claims Statute, I.C. 22-2-9, were willful, in bad faith (and certainly not in good faith),

warranting the application of the FLSA's three year statute of limitations and liquidated damages

under the Indiana Wage Claims Statute.

## II.  JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this Complaint under 28

USC § 1331, 29 USC § 201 et seq, and supplemental jurisdiction over Plaintiff's claims raised

under Indiana law.

13.     Venue is proper in this Court pursuant to 28 USC § 1391 because

the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III.  PARTIES

14.     Wheelock is currently domiciled in and a resident of Vigo County, Indiana.

15.     Carbon is located in Clay County, Indiana.

## IV.  ADMINISTRATIVE PROCEDURES

16.     Because he was terminated, Wheelock reported Carbon's failure to pay him all of

his wages for all hours worked to the Indiana Department of Labor, Wage and Hour Division.

Wheelock has obtained permission to pursue this matter privately, with his attorney serving as

the Indiana Attorney General's "designee."  That permission was issued by letter dated August

26, 2020.  This permission allows Wheelock to pursue his wage claim under I.C. 22-2-9-2 and

I.C. 22-2-9-4, utilizing the remedial provisions of I.C. 22-2-5-2.

## V.  STATEMENT OF CLAIMS

### A.  Claims Under the Fair Labor Standards Act

17.     Wheelock incorporates herein by reference paragraphs 1 through 16 above.

18.     Carbon Heating and Air Conditioning LLC is an "enterprise," as that term is

defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Carbon is an "employer," as that term is defined by the FLSA.  Finally, Carbon is a "person" as that term is defined by the FLSA.

19.     By not paying Wheelock at all for some of his periods of time worked and by not paying Wheelock for his full overtime hours worked at an overtime rate of pay, Carbon has violated Wheelock's rights to be paid overtime under the Fair Labor Standards Act.  Wheelock was a non-exempt employee who worked for Carbon as a service technician.

20.     Carbon's failure to comply with the Fair Labor Standards Act's provisions regarding overtime compensation is willful and without justification.

21.     Wheelock seeks all available damages, including his unpaid wages, unpaid overtime compensation itself, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Carbon's violations of the Fair Labor Standards Act.

### B.  Claims for Unpaid Minimum Wages and Overtime Compensation Under the Indiana Minimum Wage Law of 1965 (Pleaded in the Alternative)

22.     Wheelock incorporates herein by reference paragraphs 1 through 21 above.

23.     Wheelock pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Carbon does not meet the FLSA's definition of "enterprise."  If Carbon is not an FLSA "enterprise," then Carbon is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

24.     Wheelock was a non-exempt employee.  Carbon violated the  Indiana Minimum Wage Law of 1965's minimum wage provisions by failing to pay Wheelock at all for a

significant number of hours worked.  Additionally, Carbon violated the Indiana Minimum Wage

Law of 1965's overtime provisions by failing and refusing to pay Wheelock at an overtime rate

for hours worked in excess of forty in a calendar week.

25.     Carbon's failure to comply with the Indiana Minimum Wage Law of 1965's

provisions regarding minimum wages and overtime compensation was and is willful and without

justification.

26.     Wheelock seeks all available damages, including unpaid wages, unpaid minimum

wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's

fees, costs and expenses, and any and all other damages to which he may be entitled for Carbon's

violations of the Indiana Minimum Wage Law of 1965.

### C.  Claim Under Indiana Wage Claims Statute

27.     Wheelock incorporates herein by reference paragraphs 1 - 26 above.

28.     By way of this Complaint, Wheelock is seeking all available damages, including

unpaid wages, damages for late payment of wages, and all available liquidated and/or treble

damages, plus any and all attorney's fees, costs, and expenses, and any other damage to which

she may be entitled pursuant to Indiana Law.  This includes payment for all hours of work that

were unpaid.  Pursuant to the Indiana Wage Claims Statute, which incorporates I.C. 22-2-5-2,

Wheelock is seeking payment of unpaid wages and all available damages, including, but not

limited to, double the amount of wages due as an additional monetary damage, plus all of his

attorney's fees, costs and expenses.

29.     Carbon's failure to pay Wheelock his wages 1) on time and 2) in full were acts of

bad faith.  Wheelock is certainly entitled to payment of all of his earned wages, liquidated

damages for the late paid wages, and liquidated damages for the unpaid wages.  Because he was involuntarily terminated from employment, Wheelock's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preston L. Wheelock respectfully requests that the Court enter judgment against Defendant Carbon Heating and Air Conditioning LLC for violations of the FLSA or the Indiana Minimum Wage Law of 1965, and violations of the Indiana Wage Claims Statute, and issue to him all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Wage Claims Act, including all unpaid wages, all statutory/liquidated damages, plus payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

7

By /s/Robert P. Kondras, Jr.
  Robert P. Kondras, Jr.
  Attorney No. 18038-84
  100 Cherry Street
  Terre Haute, IN 47807
  (812) 232-9691
  (812) 234-2881 Facsimile
  kondras@hkmlawfirm.com